UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CR-230-F

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | UNITED STATES' RESPONSE TO |
| v. ) | DEFENDANT'S MOTION FOR |
| ) | DOWNWARD DEPARTURE |
| AMBER BROWN ) | |

This memorandum responds to the defendant's argument that a downward departure is appropriate under § 5H1.6. The United States will address the § 3553(a) factors at the defendant's sentencing.

Under USSG § 5H1.6, "family ties and responsibilities are not ordinarily relevant to determining whether a departure may be warranted." As the Fourth Circuit explains, "[f]amily ties and responsibilities are a discouraged factor under the guidelines." *United States v. Hampton*, 441 F.3d 284, 289 (4th Cir. 2006). A defendant's family situation may be relevant only when the defendant's responsibilities are considered extraordinary. *United States v. Wilson*, 114 F.3d 429, 434 (4th Cir. 1997); USSG. 5H1.6 Application Note 1(B)(ii). The Fourth Circuit has repeatedly held that being the sole custodian of the children is not sufficient to be considered extraordinary. *United States v. Brand*, 907 F.2d 31, 33 (4th Cir. 1990) (holding that the separation of a mother, who was the sole custodial parent, from two children was not extraordinary); *United States v. Goff*, 907 F.2d 1441, 1446 (4th Cir. 1990) (disapproving the decision of the district court to depart based on § 5H1.6 where defendant was a single mother responsible for three young children); *United States v. Weddle*, 30 F.3d 532, 541 (4th Cir. 1994) (recognizing appropriateness of refusal by district court to depart on the basis of extraordinary family ties although defendant was single, custodial parent). Although a sentencing court may

depart downward at its discretion, the court should do so "if it finds that the defendant is essentially 'irreplaceable.'" *Elliot v. United States*, 332 F.3d 753, 768 (4th Cir. 2003) (citing *United States v. McClatchey*, 316 F.3d 1122, 1133 (10th Cir. 2003) (reversing downward departure for defendant to care for his son because nothing in record "suggest[ed] that another individual could not provide the necessary assistance in [defendant's] absence")); USSG § 5H1.6 Application Note 1(B)(i), (iii).

In this case, the defendant has not presented evidence to show that she is irreplaceable. The defendant has a strong network of family and friends. Indeed, she received letters from both of her parents, two aunts, and multiple friends. *See Brown's Sentencing Memorandum* [D.E. 16], Exs. 2, 3, 6, 7, 9, 10. Brown's parents are already watching her children on the weekends and one day a week and have hired a teenager to assist when needed. *Id.*, Ex. 2. While her mother has some health issues, there is no indication that her father has health problems that prevent him from assisting in watching the children or that they would be unable to seek help from other family and friends. Given the many, many cases when single parents with no strong family ties are facing prison sentences, Brown's situation, while unfortunate, is not extraordinary.

As a prison official, Brown knowingly had sex with at least two prison inmates. In the case of W.P., Brown aggressively pressured him to have almost daily sexual encounters. *PSR* ¶ 5. It is not hard to imagine the reaction our community would have if a male prison official was aggressively pressuring female inmates to have sex, sexually abusing them through the use of his power. Brown's crime is no less serious simply because the victims were male. Nor is Brown's education, employment, and lack of a prior criminal history cause for a downward departure for variance. To the contrary, Brown's education, employment, and normal childhood give her little excuse for the sexually preying upon the inmates with whom she was entrusted.

Brown also lied to prison officials when questioned about the offense. Under the circumstances, a guidelines range sentence is appropriate.

Respectfully submitted this 27th day of December, 2012.

THOMAS G. WALKER
United States Attorney

/s/ David A. Bragdon
DAVID A. BRAGDON
Assistant United States Attorney, Criminal Division
U.S. Attorney's Office
310 New Bern Avenue, Suite 800
Raleigh, NC 27601
Phone: 919-856-4530; Fax: 919-856-4487
e-mail: david.bragdon@usdoj.gov
State Bar No. 33564

**CERTIFICATE OF SERVICE**

I certify that I have on this 27th day of December, 2012, served a copy of the foregoing upon the Defendant either to counsel electronically, or by mail addressed as follows:

C. Scott Holmes
Brock, Payne & Meece, P.A.
3130 Hope Valley Road
Durham, North Carolina 27707

/s/ David A. Bragdon
DAVID A. BRAGDON
Assistant United States Attorney
U.S. Attorney's Office
310 New Bern Avenue, Suite 800
Raleigh, NC 27601
Telephone: 919-856-4530
Fax: 919-856-4487
e-mail: david.bragdon@usdoj.gov
State Bar No. 33564